UNITED STATES of America,
Plaintiff-Appellee,

v.

John Noehl SCHMITZ,
Defendant-Appellant.

Nos. 75–2056, 75–2372.

United States Court of Appeals,
Ninth Circuit.

Aug. 5, 1975.

Robert Sarno, Hollywood, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

RESPONSE TO RESPONSE

CHAMBERS, Chief Judge:

This summer in eight cases where a defendant-appellant sought a transcript here at government expense after denial in the district court, I have directed the defense counsel and the United States attorney to spend up to eight hours trying to develop an agreed statement of facts for an appeal.

In the first four cases to report back, we have the following results:

Case One—an agreed statement of facts.

Case Two—an agreed statement of facts to be supplemented with a few pages of testimony.

Case Three—defense counsel became convinced he had no case for appeal and obtained the client's consent to dismiss. Case dismissed.

Case Four—a clear showing that an agreed statement of facts is not feasible.

In Case Five (this one), a district judge objects to this procedure, saying that defendant isn't entitled to in forma pauperis because the judge thinks the defendant can pay for it. (The judge has filed objections in this court.)

The questions: Free transcript or agreed statement, are not brothers; perhaps only first cousins once removed. An agreed statement would eliminate any argument about who would pay for the transcript. I have a hunch that we may not get an agreed statement here, especially with the district judge opposing it. But if we fail in Case Five (this one), my batting average will drop to .600.

It is still hoped that eight hours of conference will produce an agreed statement. If it does not, I will then consider defendant's ability to pay for the thing, i. e., the transcript.

It is my belief that in 50 per cent of the cases where the trial judge regards an appeal as utterly frivolous, an agreed statement is feasible. Of course, this incident will not help my campaign for agreed statements. But the project is worth trying.

See also, 9 Cir., 525 F.2d 793.